```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------
DAVINA THOMPSON, DANIEL EDMUNDS and
SHARON HILL,

                Plaintiff,                     19 CV 1544
    -against-
                                               COMPLAINT
THE CITY OF NEW YORK, SERGEANT
TIMOTHY GILROY, TAX # 936666, POLICE           Jury Trial Demanded
OFFICER JOHN MURPHY, TAX # 944718,
and JOHN DOES NOS. 1, 2, 3, ETC.,
(whose identity are unknown but who
are known to be personnel of the New
York City Police Department), all of
whom are sued individually and in
their official capacities,

                Defendants.
----------------------------------------
```

Plaintiffs, by and through their counsel, AARON M. RUBIN, ESQ, hereby allege as follows, upon knowledge as to themselves and their acts, and as to all other matters upon information and belief:

1.  Plaintiffs bring this action to recover compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of their civil rights under the United States Constitution caused by the conduct of Defendants.

2.  Defendants are the City of New York and SERGEANT TIMOTHY GILROY, TAX # 936666, and POLICE OFFICER JOHN MURPHY, TAX # 944718, of the New York City Police

Department, and additional police officers whose identities are unknown at this time and are therefore designated as "John Doe" (collectively referred to herein as "Defendant police officers").

3. Plaintiff Davina Thompson is a 31-year old female and resident of New York City.

4. Plaintiff Daniel Edmunds is a 43-year old man and resident of Long Island.

5. Plaintiff Sharon Hill is a 58-year old woman and resident of New Jersey.

6. On March 19, 2016, at approximately 10:30 p.m., Plaintiffs were present in the outdoor parking lot of the Walgreens at 1551 Richmond Avenue in the borough of Staten Island, which is in Richmond County.

7. Defendant police officers, including Defendant Sergeant Timothy Gilroy and Defendant Police Officer John Murphy, stopped and arrested Plaintiffs without legal justification or probable cause.

8. Plaintiffs were not committing any crimes and there was no basis to effect their arrest.

9. During the course of the arrest, Defendant police officers pushed Davina Thompson, causing her to injure her left ankle, for which she sought medical treatment.

10. Defendant police officers handcuffed Plaintiffs and transported them in custody to the 121 Police Precinct and then to the 120 Precinct.

11. Defendant police officers stripped searched Plaintiffs, photographed and fingerprinted them.

12. Defendant police officers released Plaintiffs Davina Thompson and Daniel Edmunds from custody the next afternoon on March 20 and never charged them with a crime.

13. Defendant police officers charged Plaintiff Sharon Hill with Aggravated Unlicensed Operation of a Motor Vehicle in violation of V.T.L. Section 511(1)(a).

14. Defendant Sergeant Timothy Gilroy and Defendant Police Officer John Murphy caused a criminal court complaint containing the charge of Aggravated Unlicensed Operation of a Motor Vehicle in violation of V.T.L. Section 511(1)(a) to be filed against Plaintiff Sharon Hill in the Criminal Court of the City of New York in Richmond County.

15. Plaintiff Sharon Hill was caused to retain a criminal defense attorney.

16. Plaintiff Sharon Hill appeared for arraignment and was released after posting bail.

3

17. The case against Sharon Hill was ultimately dismissed.

18. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

19. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident took place in Richmond County.

20. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

21. Defendant police officers are employed by the NYPD and acted under color of state law in the course and scope of their duties and functions as agents, employees and officers of the CITY OF NEW YORK and the New York City Police Department.

22. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department (hereinafter, "NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers.

Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers, who are being sued in both their individual and official capacities.

## PLAINTIFFS' FEDERAL CLAIMS AGAINST DEFENDANT POLICE OFFICERS

23. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

24. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiffs of their rights under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. Section 1983.

25. The conduct by Defendants was a direct and proximate cause of Plaintiffs' false arrests, unlawful seizures and imprisonment.

26. The conduct by Defendants constituted excessive force against Plaintiff Davina Thompson.

27. The conduct by Defendants was a direct and proximate cause of Plaintiff Sharon Hill's malicious prosecution.

## PLAINTIFFS' FEDERAL CLAIMS
## AGAINST CITY OF NEW YORK

28. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

29. The City of New York directly caused the Constitutional violations suffered by Plaintiffs.

30. Upon information and belief, the City of New York was aware that one or all of Defendant police officers were unfit officers who previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

31. Upon information and belief, despite its knowledge of the Defendant police officers' prior conduct and propensities, the City of New York (a) exercised deliberate indifference by failing to take remedial action, (b) failed to properly train, supervise and discipline Defendant police officers and improperly retained and utilized them, and (c) failed to adequately investigate prior complaints filed against the officers.

32. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. Section 1983 and the United States Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       March 18, 2019

AARON M. RUBIN
Attorney for Plaintiff

_____/s_____
BY: Aaron M. Rubin, Esq.

99 Wall Street Suite 1130
New York, New York 10005
212) 725-4600
arubin@amresquire.com