UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- x

DAVINA THOMPSON, et al.,

          Plaintiff,

-against-

CITY OF NEW YORK, et al,.

          Defendants.

--------------------------------------------------- x

19-CV-1544-FB-RLM

**ANSWER TO COMPLAINT**

JURY TRIAL DEMANDED

Defendants The City of New York, Sgt. Timothy Gilroy, and PO John Murphy, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, dated March 18, 2019, respectfully:

1. Deny the allegations in paragraph 1 of the Complaint, except admit that plaintiff has commenced an action as stated therein.

2. Deny the allegations in paragraph 2 of the Complaint, except admit that plaintiff has commenced an action as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admit on information and belief that on

March 19, 2016, plaintiffs were present in a parking lot of a Walgreens located on Richmond Avenue in Staten Island.

7. Deny the allegations in paragraph 7 of the complaint.

8. Deny the allegations in paragraph 8 of the complaint.

9. Deny the allegations in paragraph 9 of the complaint.

10. Deny the allegations in paragraph 10 of the complaint, except admit on information and belief that plaintiffs were arrested, handcuffed and transported to the 120 police precinct.

11. Deny the allegations in paragraph 11 of the complaint, except admit on information and belief that plaintiffs were fingerprinted and photographed.

12. Deny the allegations in paragraph 12 of the complaint except, admit on information and belief that Thompson and Edmunds were released from custody without charges.

13. Deny the allegations in paragraph 13 of the complaint.

14. Deny the allegations in paragraph 14 of the complaint, except refer to the criminal court complaint and the supporting deposition for a recitation of their contents.

15. Deny the allegations in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint, except admit on information and belief, that Hill was arraigned and released after posting bail.

17. Deny the allegations in paragraph 17 of the complaint.

18. Deny the allegations in paragraph 18 of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

19. Deny the allegations in paragraph 19 of the complaint except admit that plaintiff purports to base venue in this district as stated therein.

20. State that the allegations in paragraph 20 of the complaint are not averments of fact that require a response.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint, except admit that Murphy and Gilroy are employed by the City as police officers, and state that to the extent the allegations are conclusions of law to which no response is required.

22. Deny the allegations in paragraph 22 of the complaint except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the City maintains a police department known as the NYPD, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD, and states that the allegations regarding the City's responsibilities and assumptions of risk are legal conclusions that do not require a response.

23. In response to the allegations in paragraph 23 of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer, as if fully stated herein.

24. Deny the allegations in paragraph 24 of the complaint.

25. Deny the allegations in paragraph 25 of the complaint.

26. Deny the allegations in paragraph 26 of the complaint.

27. Deny the allegations in paragraph 27 of the complaint.

28. In response to the allegations in paragraph 28 of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer, as if fully stated herein.

29. Deny the allegations in paragraph 29 of the complaint.

30. Deny the allegations in paragraph 30 of the complaint.

31. Deny the allegations in paragraph 31 of the complaint.

32. Deny the allegations in paragraph 32 of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

33. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

34. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

35. Any injury alleged to have been sustained resulted from plaintiff Thompson's own culpable or negligent conduct or the conduct of third parties, and was not the proximate result of any act of the defendants.

### FOURTH AFFIRMATIVE DEFENSE:

36. Plaintiff Thompson provoked or was at fault for the incident.

### FIFTH AFFIRMATIVE DEFENSE:

37. There was probable cause for Hill's arrest based on the two active warrants under docket numbers 92R005481 and 2012BX041746, and her operation of a motor vehicle with a suspended license pursuant to VTL § 511(1)(a) to which she pled guilty on October 24,

2016 under criminal court docket number CR-002290-16RI, and there was probable cause for Thompson's and Edmund's arrests based on the booster bag and stolen handbags in the car.

### SIXTH AFFIRMATIVE DEFENSE:

38. Defendants Murphy and Gilroy acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE:

39. Punitive damages cannot be assessed as against The City of New York or the individual defendants in their official capacities.

### EIGHTH AFFIRMATIVE DEFENSE:

40. Defendant Gilroy had no personal involvement in the incidents alleged in the Complaint.

**WHEREFORE,** defendants City of New York, Murphy, and Gilroy, requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 25, 2019

    ZACHARY W. CARTER
    Corporation Counsel of the
      City of New York
    *Attorney For Defendants*
    THE CITY OF NEW YORK, MURPHY, &
    GILROY
    100 Church Street, Room 3-235
    New York, New York 10007
    (212) 356-3504
    ajagiels@law.nyc.gov

By: _____
    ARTUR G. JAGIELSKI
    *Assistant Corporation Counsel*