

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN ZAPERT
*Senior Counsel*
bzapert@law.nyc.gov
Phone: (212) 356-2329

March 11, 2020

**BY ECF**
Honorable Frederic Block
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Davina Thompson, et al. v. City of New York et al.
           19-cv-1544 (FB) (RLM)

Your Honor:

      On behalf of defendants, I write to respond to plaintiffs' refreshingly concise opposition. See Dkt. No. 21. Plaintiffs' oppose Defendant's motion by citing alleged material issues of facts while ignoring the facts that render these alleged issues immaterial. Defendants had had probable cause to arrest the plaintiffs due to their constructive possession of Ms. Hill's vehicle and the contents of the vehicle.

      Plaintiffs raise the fact that the officers knew that the vehicle belonged to Ms. Hill, not plaintiffs Thompson and Edmund. Ownership is not the controlling factor in this analysis. The dispositive factor is who had custody and control of the vehicle. See People v Manini, 79 NY2d 561, 573 (1992). It is uncontested that plaintiffs Thompson and Edmunds had custody and control of the vehicle because they had been driving it with Ms. Hill's permission, were seated in the front seats, and had the keys to the vehicle in the ignition. These factors not only establish that plaintiffs had custody and control of the vehicle, but also custody and control of the contents of the vehicle, including what was in the rear. United States v. Ochs, 595 F.2d 1247, 1253 (2d Cir.), cert. denied, 444 U.S. 955, 100 S. Ct. 435 (1979). It bears repeating that the "trunk" in this vehicle was readily accessible from the passenger compartment and was not separated from the rest of the interior in any meaningful way.

      Plaintiff has no evidence that she suffered anything other than the requisite force needed to arrest her and place her in a police vehicle. Police are allowed to use force to place an

arrestee into a police car once an arrest has been effectuated, which is what happened here. The force used was reasonable and there is no reason to believe otherwise. "Indeed, to conclude that a "push" that does not cause the slightest of physical injuries to the plaintiff is nonetheless an actionable use of excessive force would be to hold that <u>any</u> physical contact by an arresting officer with the arrested person is actionable." <u>Roundtree v. New York</u>, 778 F. Supp 614,. 622 (EDNY 1991). Plaintiff's excessive force claims, at best, rise to the level of negligence.

For the reasons set forth above, defendants respectfully requests that the Court schedule a pre-motion conference for defendants' proposed motion for summary judgment.

Defendants thank the Court for its consideration in this regard.

Respectfully submitted,

BRIAN ZAPERT